*Decisions will be entered under Rule 50.*

The Spirella Company Incorporated, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 5030. Promulgated September 28, 1945.

*Paul P. Cohen, Esq.,* for the petitioner.
*Lawrence F. Casey, Esq.,* for the respondent.

---

[2] *Cohan v. Commissioner,* 39 Fed. (2d) 540.

878

OPINION.

OPPER, *Judge*: In order to obtain the surplus cash accumulated in Western's treasury as a result of the reduction in its activities, petitioner and the other holder of Western's stock brought about a reduction in its capitalization by an exchange of stock and turned in part of the new stock for a roughly equivalent cash distribution. The present controversy is limited to the question of petitioner's 'right to deduct the resulting loss, respondent having denied it because of the nonrecognition provisions of section 112.

Whether we consider that the exchange of stock for stock in the reorganization was a necessary legal preliminary to the partial liquidation, as petitioner at one point contends, or accomplished something more than was inescapably requisite, as seems to be suggested at another, the fact remains that the exchange itself would have been a taxable event but for the provisions of section 112. If the new stock, contrary to the present facts, happened to be worth more than the cost of the old, a tax on the resulting gain would be withheld only because forbidden by the terms of section 112 (b) (3). The postponement of any loss is likewise necessary to accomplish the legislative purpose.

But the statutory plan does not end there. It makes provision also for the tax consequence of any cash received as part of the transaction. Here, however, the indentity of treatment as between gains and losses disappears. Gain is taxed to the extent of the cash, but no loss can be recognized. Sec. 112 (c) and (e).

That the cash distribution took the form of a partial liquidation under section 115 does not authorize us to depart from the treatment prescribed in section 112. The direction of the former section is to the contrary. The consequence of an admitted distribution in liquidation is specified by section 115 (c) to be the tax recognition of gain or loss only to the extent prescribed by section 112. This is consonant with the underlying theory of liquidating distributions, that they are "in part or full payment in exchange for the stock." To the extent of the receipt of cash, the liquidation compares to a sale. In so far as a reorganization partakes of the nature of a sale, the gain is recognized but the loss is not. See 3 Mertens Law of Federal Income Taxation, 301.

In seeking to avoid the effect of section 112 and particularly of 112 (e), we think petitioner is thus doing no more than attempting to escape from the difference in treatment prescribed by this part of the statute as to gains on the one hand and losses on the other. If the distribution of cash had resulted in gain, recognition would have followed, not merely because there was a partial liquidation, but by the explicit mandate of section 112 (c). That Congress, for adequate

reasons,[1] has elected to forbid the recognition of any loss under identical circumstances furnishes no justification for our disregard of its command.

Nor can the fact that the reorganization was occasioned by the poor financial condition of the corporation afford any reason for refusing to apply the very section which was designed to operate in such situations. See *Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179, 184. The sole purpose of the exchange, to issue new stock representing the shareholders' reduced interests, was such that if the transactions were to be treated separately, as petitioner contends they should be, the loss would be the result of the exchange, not of the liquidating distribution. Cf. *Edith M. Greenwood*, 41 B. T. A. 664. To give it effect, we should again be required to depart from the terms of section 112, in the very type of situation to which it is most clearly applicable.[2]

None of these difficulties would arise in the case of a corporation whose capital structure needed—or was given—no reconstruction. So that it is the very essence of the present situation, and no mere accident, that recognition of petitioner's loss is denied by the legislative design, taken as a whole. In *John P. Elton*, 47 B. T. A. 111, neither of the issues discussed even remotely touches upon the present controversy.

We conclude that the exchange of stock for stock was a reorganization under 112 (g) as to which accounting for gain or loss was postponed under 112 (b) (3), except as to the cash received, and that as to that, loss was not recognized under 112 (e); that, whether neces-

---

[1] Ways and Means Committee report on the 1924 Revenue Act, sec. 203 (f) :

"* * * In case the exchange results in a gain, the situation is covered in subdivision (d) (1) by a provision that the gain shall be recognized in an amount not in excess of the 'boot.' This limitation, however, is not a logical one, if applied to the case of an exchange resulting in a loss. Subdivision (b) of this section provides that no loss shall be recognized if the entire consideration for the exchange is a certain type of property. Unless some provision is made for cases in which part of the consideration is money, the provisions of subdivision (b) could be avoided and the entire amount of the loss recognized if a small amount of money were received in addition to the specified property. The only way to cover such a case and prevent the taxpayer from taking the entire loss by adding a small amount of money to the property received is to provide that no loss shall be recognized, otherwise the law might be evaded." House Report No. 179, 68th Cong., 1st sess., p. 15.

[2] Thus, Montgomery, Income Tax Procedure, (1925), pp. 634–635, gives the following illustration to explain the effect of section 203 (f) of the 1924 Act:

"* * * Suppose A exchanges a share of common stock in corporation X which cost him $100 for a share of common stock in the same corporation whose value is $80 and receives $1 cash in addition. His actual loss is $19. But this type of transaction is considered a continuing one under the law with respect to gains represented by securities still undisposed of (that is, gain is recognized only to the extent of the boot). The question is : What is the loss represented by securities still undisposed of? Such loss clearly should not be recognized at the time of the exchange if the corresponding gain is not brought to account at that time, for this would bring about a one-sided arrangement working to the disadvantage of the Treasury. The $1 received in cash must, of course, be used to reduce the value at which the stock is carried for the purpose of establishing the gain or loss upon subsequent sale. The basis of the new stock is $99 (cost of the old stock, $100, less cash received $1.)"

sary or not, the exchange and distribution were parts of a single transaction of which the effect must be considered as a unit, *Helvering* v. *Alabama Asphaltic Limestone Co.*, *supra*, 185; and that, although the cash was distributed in partial liquidation under section 115, the loss (if any) resulting from it can be accorded recognition only in accordance with section 112. The claimed loss must accordingly be disallowed. Cf. *Hellman* v. *Helvering* (App. D. C., 68 Fed. (2d) 763.

*Decision will be entered for the respondent.*